**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| McARTHUR BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 2:08-cv-211-WTL-TAB |
| | ) | |
| ALAN FINNAN, Superintendent, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motion for Summary Judgment**

McArthur Baker, an inmate at the Wabash Valley Correctional Facility ("Wabash Valley"), alleges in this civil rights action that on January 19, 2008, prison personnel violated his federally secured rights by failing to protect him from attack by other inmates. Wabash Valley Superintendent Alan Finnan has appeared in the action and seeks resolution of Baker's claim through the entry of summary judgment. That motion is deemed applicable to the other defendants as well. *See Malak v. Associated Physicians, Inc.,* 784 F.2d 277, 280 (7th Cir. 1986)("[W]here one defendant files a motion for summary judgment which the court grants, the district court may *sua sponte* enter summary judgment in favor of additional non-moving defendants if the motion raised by the first defendant is equally effective in barring the claim against the other defendants and the plaintiff had an adequate opportunity to argue in opposition to the motion."). Baker opposes the motion for summary judgment.

Whereupon the court, having considered the pleadings, the motion for summary judgment, the briefs relevant to such motion, and the evidentiary record, and being duly advised, now finds that the motion for summary judgment must be granted. This conclusion is based on the following facts and circumstances:

1.      It is argued in the motion for summary judgment that Baker's suit was filed prematurely because he failed to comply with a statutory requirement that he exhaust available administrative remedies prior to filing suit.

a.      This motion must be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-

moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

b.      The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." FED. R. CIV. P. 56(e)(2).

2.      "The primary purpose of summary judgment is to isolate and dispose of factually unsupported claims." *Albiero v. City of Kankakee,* 246 F.3d 927, 932 (7th Cir. 2001). "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996)(citing *Anderson,* 477 U.S. at 248).

3.      The law applicable to the motion for summary judgment is this: The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). This requirement is intended to serve the dual purpose of affording "prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into courtl[,]" and to improve the quality of inmate suits filed through the production of a "useful administrative record." *Jones v. Bock,* 549 U.S. 199, 204 (2007) (citations omitted). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter,* 534 U.S. at 532 (citation omitted).

4.      "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *See Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).

5.      Baker alleges that he was attacked by other inmates on or about January 19, 2008. He alleges that prior to the attack he had informed prison officers that inmates in a gang had threatened him. He filed this lawsuit on May 23, 2008. He admits that he did not file his grievance at the prison until December 12, 2008.

6.        Baker asserts that an internal affairs investigation was conducted after the incident and that he could not file his grievance until the investigation was completed. Baker has presented no evidence, admissible or otherwise, showing that he was prevented from filing a grievance before the internal affairs investigation was completed. Rather, the record reflects that prison policy requires an inmate to file step one of the grievance process within 20 business days of the incident at issue.

7.        Baker further argues that because he sought money damages, he believed that the prison could not provide such a remedy and he would need to file his lawsuit in court. In essence, he contends that filing a grievance would have been futile. This argument has been rejected. The Supreme Court has stressed that futility or other exceptions will not be read "into statutory exhaustion requirements where Congress has provided otherwise". *Booth v. Churner,* 532 U.S. 731, 741 n.6 (2001). Accordingly, under the PLRA, "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory". *Woodford v. Ngo,* 548 U.S. 81, 85 (2006). Exhaustion is therefore necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile." *Dole,* 438 F.3d at 808-09 (citations omitted).

8.        At the time Baker filed this action, he had not filed a grievance. Rather than showing that proper exhaustion occurred, the record shows that the lawsuit was filed prematurely, just as in *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

> Ford's real problem . . . is timing. Section 1997e(a) says that exhaustion must precede litigation. "No action shall be brought" until exhaustion has been completed. . . . And these rules routinely are enforced . . . by dismissing a suit that begins too soon, even if the plaintiff exhausts his administrative remedies while the litigation is pending . . . . To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the courthouse doors closed until those efforts have run their course.

*Ford,* 362 F.3d at 398 (internal citations omitted).

9        The consequence of these circumstances, in light of § 1997e(a), is that Baker's claim in this case should not have been brought and must now be dismissed without prejudice. *See Ford,* 362 F.3d at 401 ("We therefore hold that all dismissals under § 1997e(a) should be without prejudice."). The motion for summary judgment (dkt 33) is **granted.** Judgment consistent with this Entry shall now issue.

        **IT IS SO ORDERED.**

Date:   11/30/2009

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana